**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 16 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30052 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00172-LRS-1 |
| v. | |
| CLINTON LEE HALBERT, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30053 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00172-LRS-2 |
| v. | |
| WRIGHT CHRISTOPHER HALBERT, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted March 8, 2012[]
Seattle, Washington

Before: PAEZ and MURGUIA, Circuit Judges, and GWIN,[***] District Judge.

Clinton Halbert and Wright Halbert, father and son, appeal their convictions by a jury for the manufacture of marijuana and conspiracy to manufacture marijuana. Clinton and Wright also appeal separately on issues relating to their trial and sentencing. We affirm the district court on all issues raised on appeal.

*Common Issues*

**1.** The warrantless "sneak and creep" entry by agents of the United States Drug Enforcement Agency onto the Halberts' property was not an illegal search in violation of the Fourth Amendment because the agents never entered the curtilage of the Halberts' homes. *United States v. Dunn*, 480 U.S. 294, 301-03 (1987); *United States v. Davis*, 530 F.3d 1069, 1077-79 (9th Cir. 2008).

**2.** The district court did not clearly err by issuing either of the two search warrants in this case, or by denying the Halberts' motion to suppress evidence and their request for a *Franks* hearing. First, the magistrate judge had a substantial

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James S. Gwin, District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

basis for finding probable cause in the supporting affidavits to issue the two search warrants. *United States v. Jennen*, 596 F.3d 594, 598 (9th Cir. 2010). Therefore, there was no Fourth Amendment violation in either the fly-over thermal imaging search or the physical search of the property, and no evidence needed to be suppressed. Second, the Halberts' request for a *Franks* hearing is without merit, as they mischaracterize the nature and meaning of the supposed "false statements and material omissions" that they point to in the affidavits, and generally fail to "make specific allegations, allege a deliberate falsehood or reckless disregard for the truth, and accompany such a claim with a detailed offer of proof." *United States v. Craighead*, 539 F.3d 1073, 1080 (9th Cir. 2008); *see also Franks v. Delaware*, 438 U.S. 154, 155-56 (1978).

### *Wright Halbert*

**3.** The district court did not abuse its discretion by sentencing Wright Halbert to 18 months of imprisonment when it sentenced Clinton Halbert to 54 months of probation. Giving due deference to the district court's weighing of the sentencing factors at 18 U.S.C. § 3553(a) and considering the totality of the circumstances, the district court did not impose a sentence that was illogical, implausible, or without support in inferences that could be drawn from the record in this case. *United States v. Maier*, 646 F.3d 1148, 1155 (9th Cir. 2011); *United*

*States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc); *United States v. Autery*, 555 F.3d 864, 872 (9th Cir. 2009).

<u>*Clinton Halbert*</u>

**4.** The district court was correct in excluding evidence of Clinton Halbert's proposed medical marijuana defense. "A district court may preclude a defense if the defendant fails to make a prima facie showing that he is eligible for the defense," *United States v. Schafer*, 625 F.3d 629, 637 (9th Cir. 2010), and "medical necessity is not a defense to manufacturing and distributing marijuana," *United States v. Oakland Cannabis Buyers' Cooperative*, 532 U.S. 483, 494 (2001); *see also Schafer*, 625 F.3d at 638. Moreover, neither the manufacturing nor the conspiracy charge required the government to show that Clinton Halbert intentionally violated the law, and therefore a good faith defense would be irrelevant.

**5.** Clinton Halbert also claims, for the first time on appeal, that his counsel was ineffective in failing to call any witnesses. "'As a general rule,' we do not review ineffective assistance of counsel claims on direct appeal." *United States v. Benford*, 574 F.3d 1228, 1231 (9th Cir. 2009) (quoting *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005)). The only exceptions to this rule are "'in the unusual cases (1) where the record on appeal is sufficiently developed to permit

determination of the issue, or (2) where the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel.'" *Id.* (quoting *Jeronimo*, 398 F.3d at 1156). We decline to review Clinton Halbert's ineffective assistance claim here because neither of the above exceptions apply. Mr. Halbert may pursue this claim through a motion under 28 U.S.C. § 2255. *Massaro v. United States*, 538 U.S. 500, 504-05 (2003).

**6.** Finally, the district court did not err by seizing Clinton Halbert's entire interest in the property at issue in this case, parcel 237880 in Stevens County, Washington. The district court was under no obligation to discuss explicitly the four factors enumerated in *United States v. Bajakajian*, 524 U.S. 321 (1998). *United States v. $100,348.00 in U.S. Currency*, 354 F.3d 1110, 1121 (9th Cir. 2004). Additionally, the forfeiture was not an excessive fine in violation of the Eighth Amendment, in particular because the value of the parcel was significantly less than the maximum fine that the district court could have imposed. *Bajakajian*, 524 U.S. at 334; *see also United States v. 817 N.E. 29th Drive, Wilton Manors, Fla.*, 175 F.3d 1304, 1309 (11th Cir. 1999).

**AFFIRMED.**